# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:04-CV-283-W

| | |
|---|---|
| COATS & CLARK'S SALES CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) RAMÓN RULLÁN JR., INC., ) ) Defendant. ) ) | ORDER |

THIS MATTER is before the Court on Plaintiff's motion to confirm an arbitration award entered in its favor (Doc. No. 15). Also pending before the Court is a motion by Defendant to set aside the default which has been entered against it and to dismiss or transfer the case on the grounds of lack of personal jurisdiction and/or improper venue (Doc. No. 8).

Plaintiff Coats & Clark's Sales Corporation ("CCSC") is a New Jersey corporation with its principle place of business in Charlotte, North Carolina. Defendant Ramón Rullán Jr., Inc., ("RRJI") is a Puerto Rico corporation with its principle place of business in Mayagüez, Puerto Rico. Subject matter jurisdiction is vested in this Court on the basis of diversity of citizenship. 28 U.S.C. § 1332.

This action initially was filed by CCSC in an effort to compel arbitration on the issue of RRJI's indebtedness to CCSC under two agreements entered between the parties. RRJI did not appear or answer the North Carolina complaint (and consequently a default was entered); it did, however, file a parallel suit in Puerto Rico as to the same subject matter. Meanwhile, Señor Rullán (the President, Chairman, and sole shareholder of RRJI) attempted to file in this Court a

pro se motion on behalf of his corporation to set aside the entry of default and also to dismiss the suit or change venue to Puerto Rico. While the parties were awaiting a decision by this Court on the aforementioned motion, which was inevitably delayed by judicial reassignments, the United States District Court for the District of Puerto Rico, Civil No. 04-1719, dismissed RRJI's suit in that court in favor of arbitration. Ultimately, an arbitration was conducted in Charlotte, as per the terms of the arbitration clauses contained in the relevant agreements. CCSC now seeks judgment to be entered on the arbitration panel's decision pursuant to 9 U.S.C. § 9.

It is well-settled that a corporate defendant may only proceed in federal court by and through counsel. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Accordingly, Sr. Rullán's pro se motion is ineffective to constitute an appearance on the part of RRJI in this action and consequently the Court will not set aside the entry of default. Nonetheless, because failure to defend a suit in a foreign jurisdiction will not constitute waiver of defects in personal jurisdiction, see William v. Life Savings and Loan, 802 F.2d 1200, 1202 (10th Cir.1986), the court will, in the interests of justice, consider whether CCSC has established the propriety of personal jurisdiction in this district before proceeding to CCSC's motion for confirmation of the arbitrators' award and entry of judgment thereon. See Apex Plumbing Supply, Inc. v. U.S. Supply Co., 142 F.3d 188, 191 (4th Cir. 1998) (holding that an arbitration award may be confirmed in any district court having subject matter and personal jurisdiction).

Personal jurisdiction exists over an out-of-state defendant if: (1) North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, confers personal jurisdiction over the defendant; and (2) the defendants have sufficient "minimum contacts" with the forum such that the exercise of personal jurisdiction does not violate the requirements of due process as set forth in International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny. CPB Resources, Inc. v.

Ingrediant Resource Corp., 954 F. Supp. 1106, 1108 (M.D.N.C. 1996). Because the Supreme Court of North Carolina has interpreted the state's long-arm statute to extend to the outer limits of due process, see Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C. 1977), the two inquiries merge into one.

In support of a finding of personal jurisdiction, CCSC has submitted evidence that the parties executed and entered (in North Carolina) contracts which provided for an ongoing vendor-distributor relationship with at least some performances to be due (in North Carolina), which was preceded by facsimile transmissions and at least one visit by Sr. Rullán (to North Carolina). (Helms Aff. ¶ 3-4, 6.) North Carolina courts, in similar circumstances, have found these types of contacts to be sufficient to confer personal jurisdiction. See CPB Resources, 954 F. Supp. at 1109. Perhaps even more significant are two facts that CCSC did not even raise: the parties' choice of North Carolina law to govern their obligations under the contract (Doc. No. 15, Ex. C ¶ 5), and the parties' consent to a North Carolina forum for arbitration of disputes (id. ¶ 7). See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 482 (1985); St. Paul Fire & Marine Ins. Co. v. Courtney Enter., Inc., 270 F.3d 621, 624 (8th Cir. 2001); Victory Transport Inc. v. Comisaria General de Abastecimientos y Transportes, 336 F.2d 354, 363 (2d Cir. 1964). Taken together, these considerations render the exercise of personal jurisdiction in this case constitutionally reasonable.

Now, therefore, upon consideration of Plaintiff's Motion and Application to Confirm the Arbitration Award, and the exhibits thereto, and without objection by Defendant, it is hereby ORDERED that:

1. Defendant's Motion for Relief from Entry of Default and for Dismissal of Action or Change of Venue (Doc. No. 8) is DENIED;

2. Plaintiff's Motion to Confirm Arbitration Award (Doc. No. 15) is GRANTED, and the "Award of Arbitrators" (Doc. No. 15, Ex. F) is hereby confirmed, incorporated and adopted as the final judgment of this Court; and

3. The remainder of Plaintiff's claims for relief are deemed mooted by the Arbitration Award and therefore are DISMISSED without prejudice. The clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Signed: October 26, 2006

Frank D. Whitney
United States District Judge